UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JEFFERY MALINOWSKI** | ) | Case No. 1:25-cv-12002 |
| **Plaintiff** | ) | |
| | ) | **ORIGINAL** |
| v. | ) | **COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| **RACHEL LEAH, LLC** | ) | |
| **Defendant** | ) | |

## INTRODUCTION

1. This is an action is for maritime personal injuries which occurred on or about February 22, 2024, while the Plaintiff, Jeffrey Malinowski ("Plaintiff"), was a crewmember aboard the F/V RACHEL LEAH (herein the "VESSEL"), which was owned, operated, chartered, and/or controlled by the Defendant, RACHEL LEAH, LLC and all while in the navigable waters of the United States. The Plaintiff asserts a cause of action against the Defendant for personal injuries based upon negligence and unseaworthiness brought under the General Maritime Law. The Plaintiff also asserts a claim for maintenance and cure payments under General Maritime Law.

## THE PARTIES

2. Plaintiff, Jeffery Malinowski is an individual who resides in Hyannis, Massachusetts and at all pertinent times was serving as a crew member of the VESSEL.

3. The defendant, Rachel Leah, LLC ("Defendant") is a limited liability company organized under the laws of the State of New Hampshire with a principal place of business at 158 Shattuck Way, Newington, New Hampshire 03801, which all times relevant to this action, owned, operated, and/or controlled the VESSEL and its resident agent is Christopher T. Hilson, Esq., 16 Acadia Lane, Exeter, New Hampshire 03833.

## JURISDICTION

4. This is a case of maritime jurisdiction pursuant to 28 U.S.C. § 1333(1), the provisions of the Merchant Marine Act, as amended commonly known as the Jones Act, 46 U.S.C. § 30104, *et seq*, and also of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

5. On or about February 22, 2024, Plaintiff received severe and permanent injuries to his person while serving as a member of the crew of the VESSEL and while the VESSEL was in the navigable waters of the United States.

6. Plaintiff's injuries and resulting treatment expenses were caused in whole or in part by the negligence of Defendant, its agents, servants and/or employees, and/or was caused by the unseaworthiness of the VESSEL.

7. Plaintiff's injuries were the direct and proximate cause of being struck in the face and head with tremendous force after a tight line onboard the VESSEL was released, rendering him unconscious.

8. Immediately following the incident, the captain of the VESSEL assessed the serious nature of Plaintiff's injuries and requested a medical evacuation of the Plaintiff by the United States Coast Guard. The captain stabilized on the VESSEL and the Coast Guard was summonsed to render aide and transportation via medical evacuation helicopter to Massachusetts General Hospital.

9. As a direct and proximate cause of being struck in the face and head while onboard the VESSEL, Plaintiff has been diagnosed with the following injuries:

   i. facial lacerations requiring extensive suturing;
   ii. multiple closed fractures of his facial bone;

2

      iii. fractured nose which resulted in disfigurement and scarring;

      iv. traumatic brain injury;

      v. a lateral malleolar fracture of his right leg;

      vi. significant frontal lobe headaches which have resulted in frequent migraines; and

      vii. right wrist sprain which required a brace.

10. The Plaintiff underwent plastic surgery to reset his nose on or about March 15, 2024, and a second procedure on or about November 12, 2024, to perform a septum reconstruction. Plaintiff now has a permanent 1 ½ inch scar on his right jaw and he has also suffered with bouts of depression, and his mental focus is materially compromised since the accident. Plaintiff has also been caused to undergo physical therapy and speech therapy to address issues related to the events of February 22, 2024. The Plaintiff also requires additional care to address his persistent post-concussion symptoms, including experiencing difficulty concentrating, feeling foggy, difficulty multi-tasking or making decisions, and learning or remembering things.

**COUNT I**
<u>NEGLIGENCE – JONES ACT</u>

11. Paragraphs 1 thru 10 are adopted herein by reference.

12. The injuries sustained by the Plaintiff, Jeffery Malinowski, were not caused by any fault on his part, but were caused by the negligence of the Defendant, its agents, or servants as follows:

    a. failure to use due care to provide and maintain a seaworthy vessel with safe working conditions and proper appurtenances;

    b. failure to use due care to make reasonable and periodic inspection of said

      VESSEL, its equipment, and appurtenances;

   c. failure to use due care to furnish the Plaintiff with a reasonably safe place in which to perform his work;

   d. failure to establish proper policies and procedures onboard the VESSEL to furnish the Plaintiff with a reasonably safe place in which to perform his work;

   e. failure and negligence of fellow crewmembers and/or employees; and/or

   f. failure and negligence in other respects that will be shown at the trial.

13. As a direct and proximate result of the said injuries, the Plaintiff, Jeffery Malinowski, suffered great pain of body and anguish of mind, was prevented from performing his usual duties, incurred medical and hospital expenses, and has suffered and will suffer a loss of earnings and other damages that will be shown at trial.

14. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C. § 30104.

## REQUEST FOR RELIEF

For these reasons, the Plaintiff demands as follows:

   i. That this court enters judgment in his favor against the Defendant and award damages, plus interest;

   ii. That this court enters such other and further relief as it deems appropriate.

## COUNT II
### GENERAL MARITIME LAW – UNSEAWORTHINESS

15. Paragraphs 1 thru 14 are adopted herein by reference.

16. The injuries sustained by the Plaintiff, Jeffery Malinowski, were caused by the unseaworthiness of Defendant, including its VESSEL, its appliances, appurtenances, and equipment.

17. At the time Plaintiff sustained the injuries, he was a member of the crew of the VESSEL and at all relevant times hereto, the VESSEL was in the navigable waters of the United States.

18. Defendant, as the owner of the VESSEL had an absolute duty to provide and maintain the VESSEL in a seaworthy condition and in a state of readiness.

19. For the reasons stated herein, the Defendant breached its warranty and duty to provide and maintain the VESSEL in a seaworthy and state of readiness manner, rendering the VESSEL unfit and/or defective for its intended service.

20. As a result of the VESSEL's unseaworthiness, the Plaintiff, due to no fault of his own, sustained injuries.

21. As a direct and proximate result of the said injuries, the Plaintiff suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and suffered and will continue to suffer a loss of earnings and other damages that will be shown at trial.

22. This cause of action is brought under the General Maritime Law based upon unseaworthiness and is for the same cause of action and facts as Count I.

## REQUEST FOR RELIEF

For these reasons, the Plaintiff demands as follows:

   i. That this court enters judgment in his favor against the Defendant and award damages, plus interest.

   ii. That this court enters such other and further relief as it deems appropriate.

## COUNT III
### GENERAL MARITIME LAW – MAINTENANCE AND CURE

23. Paragraphs 1 thru 22 are adopted herein by reference.

24. As a result of his injuries sustained while in service of the VESSEL, the Plaintiff, Jeffery Malinowski, incurred expenses for his maintenance and cure and will continue to do so.

25. Defendant, as the owner of the VESSEL, has a duty to provide maintenance and cure to the Plaintiff.

### REQUEST FOR RELIEF

For these reasons, the Plaintiff demands as follows:

   i.   That this court enters judgment in his favor against the Defendants and award damages, plus interest;

   ii.  That this court enters such other and further relief as it deems appropriate.

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS

JEFFREY MALINOWSKI
by his Attorneys,

*/s/ Scott W. Lang*
Scott W. Lang, Esq. BBO # 285720
Catherine B. Kramer, Esq. BBO # 684876
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA  02740
Tel: (508) 992-1270
Fax: (508) 993-8696
swlang@lxblaw.com
cbkramer@lxblaw.com

Andrew B Saunders, BBO # 560645
Saunders & Saunders, LLP
98 Front Street
New Bedford, MA 02740
Asaunders@SaundersLawLLP.com
(508) 999-0600

Dated: July 15, 2025